UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUELINE NGUYEN, | |
| Plaintiff, | Civil Action No. 12-cv-3300 (JAP) |
| v. | **OPINION** |
| QUICK CHECK, STORE #129, | |
| Defendant. | |

PISANO, District Judge

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint [docket # 21]. *Pro se* Plaintiff Jacqueline Nguyen initially commenced this action against defendant Quick Chek Corporation[1] ("Quick Chek") on or around May 31, 2012. Ms. Nguyen filed an Amended Complaint on September 17, 2012 [docket # 3]. Plaintiff's allegations arise from discrimination she claims to have suffered during her employment with Quick Chek. Although the Amended Complaint is difficult to decipher and contains very few factual allegations, Plaintiff seemingly alleges discrimination and failure to accommodate under the Americans with Disabilities Act of 1990 ("ADA"), sexual harassment under Title VII of the Civil Rights Act of 1964, violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* ("NJLAD"), and tortious interference with Plaintiff's prospective economic benefit.

---

[1] Improperly pled as "Quick Chek, Store #129."

1

For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED. Plaintiff's Amended Complaint is DISMISSED with prejudice.

**I.     BACKGROUND**

Upon review of Plaintiff's Amended Complaint, it is not entirely clear what claims are being asserted. Plaintiff makes bald assertions in her Amended Complaint with virtually no support or specifics. For the purpose of disposition of the instant motion to dismiss, the following factual allegations asserted in the complaint will be accepted as true and viewed in a light most favorable to Plaintiff.[2]

It appears that for some unspecified period, Plaintiff was employed by Defendant Quick Chek at "Store #129" in Somerset County, New Jersey. Plaintiff does not identify which position she held at Quick Chek, but states that part of her duties included cooking and cleaning. In sum and substance, Plaintiff claims that she was discriminated against by her employer because of her alleged disability and suffered sexual harassment while employed by Quick Chek. Additionally, Plaintiff claims that Defendant made false allegations about her to prospective employers.

**A. Disability Discrimination**

Plaintiff claims that she was discriminated against because she suffers from a disability which causes pain in her hands and back and limits her ability to perform "hard duty" such as

---

[2] The Court notes that Plaintiff's response to the motion to dismiss [docket # 34] contains numerous facts outside of the Amended Complaint. "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993); *see also Perna v. Twp. of Montclair,* No. 05-4464, 2006 WL 2806276, at *13 (D.N.J. Spt. 28, 2006) (citing *Commw. of Pa. ex. rel Zimmerman v. PepsiCo., Inc.,* 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal quotation marks omitted)). Accordingly, the Court decides the present motion to dismiss relying only on the allegations contained in the Amended Complaint. However, the Court has reviewed Plaintiff's additional submissions and finds that even if the allegations in Plaintiff's opposition were included in the analysis of the present motion, Plaintiff's Amended Complaint would still fail to survive a motion to dismiss under Rule 12(b)(6).

"cleaning constantly," putting her "hands in hot water," and cooking.[3] Plaintiff alleges that as a result of her disability, she could no longer perform the cooking and cleaning duties required by her original position. Plaintiff contends that she requested to be transferred to a cashier position to accommodate her disability. According to Plaintiff, her request "to work in the cashier" was refused.[4] Plaintiff further alleges that as a result of her request for an accommodation, she suffered retaliatory "abuses and neglects," which caused "injuries."

**B. Sexual Harassment**

Plaintiff alleges that at some point during her employment she was sexually harassed by "men brushing on to abuse [her]."[5] According to Plaintiff, she reported the alleged sexual abuse to her supervisor at Quick Chek, identified by Plaintiff as Liz Ferraro, and that Ms. Ferraro failed to report the harassment. Plaintiff further claims that Ms. Ferraro "used her power over [P]laintiff to cause fear" and possibly encouraged others to sexually harass Plaintiff.[6]

**C. Tortious Interference**

Finally, Plaintiff claims that Defendant made "wrongful allegations" against her "as to being a trouble making and ineffective employee" to prospective employers. According to Plaintiff, the allegations made by Defendant "are not true and are made without substance." Plaintiff contends that the "the wrongful making of allegations against [her] . . . precluded [her]

---

[3] Beyond general claims of hand and back pain, Plaintiff does not identify any specific disability.
[4] It is unclear whether Plaintiff was required to cook, clean, and put "her hands in the hot water" as part of her original position or if she was required to perform these duties by her employer in retaliation for requesting a cashier position.
[5] The Amended Complaint does not include dates, circumstances, or names of individuals related to Plaintiff's claims of sexual abuse.
[6] Plaintiff's Amended Complaint states that Ms. Ferraro "used her power . . . to cause fear and others sexually harass [P]laintiff, men brushing on to abuse [P]laintiff in the hostile work environment."

from finding alternate employment" and "effectively deprived [her] of other employment opportunit[ies]."[7]

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendants fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). The factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *Twombly*, 550 U.S. at 555.

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the Plaintiff.[8] *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice, and the

---

[7] Plaintiff states that she was "terminated" but the Amended Complaint does not include any dates or circumstances surrounding her alleged termination. Plaintiff also does not identify any employment opportunities that were interfered with by Defendant's "wrongful" allegations.

[8] In the present case, Plaintiff states in her Amended Complaint that "[a]lthough the complaint is being filed *pro se*. [Plaintiff] did have the assistance of an attorney to draft the complaint language." Undisclosed informal assistance provided by an attorney to a *pro se* litigant becomes "an obvious problem when the Court is giving extra latitude to a purported *pro se* litigant who is receiving secret professional help." *Delso v Trs. for the Ret. Plan For Hourly Emps. of Merck & Co.,* 04-3009, 2007 WL 766349 at *13 (D.N.J. Mar. 6, 2007). Although Plaintiff may have received assistance from a lawyer in drafting her Amended Complaint, for the sake of thoroughness, the Court will construe the Amended Complaint liberally. However, even after the most liberal review of the Amended Complaint, the Court cannot identify any plausible claim for relief.

Court need not credit a *pro se* Plaintiff's "bald assertions" or "legal conclusions." *Twombly,* 550 U.S. at 555. For example, the court is free to ignore legal conclusions or factually unsupported accusations which merely state that "the-defendant-unlawfully-harmed-me." *Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009). While *pro se* plaintiffs are not held to same strict standards as attorneys, "they also cannot be excused from compliance with the plain text of the federal rules." *Joseph v. Lopez,* No. 05-1640, 2007 WL 1135297, at *2 (D.N.J. Apr. 11 2007). "A district court should not dismiss a *pro se* complaint without allowing the plaintiff leave to amend unless amendment would be futile." *Hill v. Rozum,* 447 F. Appx. 289, 290 (3d Cir. 2011) (citing *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004)).

### III. DISCUSSION

Upon a liberal reading of the Amended Complaint, the Court finds that Plaintiff's allegations consist solely of "labels and conclusions" which are not enough to withstand a motion to dismiss. *See Twombly,* 550 U.S. at 555 ("While a complaint attacked by Rule 12(b)(6) does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [their] entitle[ment] to relief requires more than labels and conclusions."). Plaintiff's Amended Complaint lacks factual specificity and fails to identify Defendant's particular conduct that is alleged to have harmed Plaintiff. In light of the vague and conclusory nature of Plaintiff's claims, the Court is unable to determine whether the allegations contained in the Amended Complaint give Defendant adequate notice to frame an answer. *See Frazier v. Southeastern Pennsylvania Transp. Auth.,* 785 F.2d 65, 68 (3d Cir. 1986) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980) (stating that a "complaint is sufficiently specific where it states [the] conduct complained of, times and places of the conduct and the persons responsible")).

Therefore, the Court finds that the Amended Complaint does not satisfy Rule 8 and cannot survive a motion to dismiss under Rule 12(b)(6).

### A. Americans with Disabilities Act Claim

In Count I of the Amended Complaint, Plaintiff claims that Quick Chek violated "Title II of the Americans with Disability [sic] Act" by denying her request to be transferred to a cashier position, and failing to provide "[a]ccesses to [p]ublic [a]ccommodation."[9] Title II of the ADA provides, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To demonstrate a violation of Title II, a party must show: (1) that s/he is a "qualified individual" with a disability; (2) that s/he was excluded from participation in a public entity's services, programs, or activities or was otherwise discriminated against by the public entity; (3) that such exclusion, denial of benefits, or discrimination was due to the disability; and (4) that the defendant is a public entity within the meaning of Title II of the ADA. *See Bowers v. N.C.A.A.,* 9 F. Supp. 2d 460, 475-478 (D.N.J. 1998).

Under Title II of the ADA, the term "public entity" is defined as: "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any other commuter authority. . . ." 42 U.S.C. § 12131. Defendant Quick Chek Corporation is a non-governmental corporate entity, and accordingly does not qualify as a public entity under Title II of the ADA. Therefore, Plaintiff cannot establish any violation of Title II by Defendant.

---

[9] Plaintiff's allegations of discrimination based on "Race, Age, Sex, National Origin, Color, Religion, Education, Wages, [and] Hours . . ." in Count I are entirely without factual support in the Amended Complaint.

Plaintiff's claim regarding discrimination based upon her alleged disability more appropriately arises under Title I of the ADA, which provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . [the] discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To establish a prima facie violation of Title I of the ADA, Plaintiff must show that she: (1) has a disability; (2) is a qualified individual; and (3) has suffered an adverse employment action because of that disability. *Stouch v. Irvington,* 354 F. Appx. 600, 666 (3d Cir. 2009) (citing *Turner v. Hershey Chocolate USA,* 440 F.3d 604, 611 (3d Cir. 2006)).

To qualify as "disabled" under the first prong, Plaintiff must show one of the following: (1) a physical or mental impairment that substantially limits one of more major life activities; (2) a record of such impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to . . . sleeping, walking, standing . . . concentrating, thinking, communicating, and working." *Id.* at § 12102(2)(a).

Plaintiff asserts vague claims that she suffers from "continued pain in extremity . . . back pain, and permanent injuries" and that she was "painfully disabled breaking permanently her hands in hot water." Although Plaintiff states that she is a "qualified individual with a disability," her Amended Complaint fails to provide sufficient facts that would allow the Court to determine whether Plaintiff suffers from "a physical impairment that substantially limits one or more . . . major life activities." *Williams v. Philadelphia Hous. Auth. Police Dep't,* 380 F.3d 751, 762 (3d Cir. 2004). Therefore, because Plaintiff has not shown any physical impairment that substantially limits a major life activity, any record of impairment, or that she was regarded by Quick Chek as having an impairment, the Court finds that Plaintiff has failed to demonstrate that she is disabled under the ADA.

Even assuming arguendo that Plaintiff's allegations state a disability under Title I of the ADA, Plaintiff cannot satisfy the second prong of the analysis. Under the second prong, a "qualified individual" is one "who, with or without reasonable accommodations, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Plaintiff alleges that she requested "reasonable accommodation and modifications . . . out of the kitchens" but Defendant refused her request to "work in the cashier." Plaintiff's Amended Complaint does not set forth the capacity of her employment, the essential functions of her position, why her requested accommodation would have been reasonable or why such an accommodation would have enabled her to perform the essential functions of her employment. Thus, Plaintiff has failed to support her allegation that she is a "qualified individual" under the ADA.

Furthermore, even if Plaintiff proffered facts sufficient to demonstrate that she is a qualified individual with a disability, she fails to allege that she suffered an adverse employment action based on her disability. While Plaintiff makes vague and unsupported allegations that she was retaliated against by her supervisor after requesting to be moved to a cashier position, the Amended Complaint fails to specify which, if any, adverse actions were taken against Plaintiff by Defendant based on her alleged disability.

In sum, Plaintiff has failed to adequately plead that she is a qualified individual with an impairment that would rise to the level of "substantially" limiting one or more of her major life activities; she makes no allegation that her termination was the result of any record of her alleged impairment, and she fails to allege that her termination was the result of the Defendant regarding her as having the asserted impairment. Therefore, the Court finds that Plaintiff has not provided

sufficient factual allegations to support a claim of disability discrimination under the ADA.[10] Accordingly, Plaintiff's ADA claim is dismissed.

### B. Title VII Sexual Harassment Claim

In Count I, Plaintiff also asserts that she was sexually harassed. Under Title VII, it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000(e)-2(a)(1). To state a *prima facie* claim of hostile work environment gender-based employment discrimination under Title VII, Plaintiff must show that: (1) she suffered intentional discrimination because of her sex; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable woman in her position; and (5) a basis for respondeat superior liability. *Grazioli v. Genuine Parts Co.,* 409 F. Supp. 2d 569, 576 (D.N.J. 2005).

Here, Plaintiff alleges that her Quick Chek supervisor, Ms. Ferraro "used her power over [P]laintiff to cause fear and others sexually harass [P]laintiff, men brushing on to abuse [P]laintiff in the hostile work environment." Plaintiff states the legal conclusion that she was sexually harassed but fails to allege any facts which illustrate the conduct of which she is complaining. Plaintiff does not identify the purported harasser or harassers, or provide details as to when, where, and under what circumstances any harassment occurred.[11] Accordingly, the

---

[10] Inasmuch as Plaintiff attempts to state a claim for a hostile work environment, such an allegation is unsupported by any stated facts and Plaintiff has failed to make the requisite showing that: "(1) [s/he] is a qualified individual with a disability under the ADA, (2) [s/he] was subject to unwelcome harassment, (3) the harassment was based on [his/her] disability or request for an accommodation, (4) the harassment was sufficiently severe or pervasive to alter the conditions of [his/her] employment and create an abusive working environment, and (5) the employer knew or should have known of the harassment and failed to take prompt, effective remedial action." *Walton v. Mental Health Ass'n of Se. Pa.,* 168 F.3d 661, 667 (3d Cir. 1999).

[11] From the facts asserted by Plaintiff, it does not appear the individuals who allegedly sexually harassed Plaintiff were employed by or affiliated with Quick Chek.

9

Court finds that Plaintiff has failed to state any facts giving rise to an inference that Defendant's alleged conduct was "severe or pervasive" to the point that a reasonable woman would think that the conditions of her employment were altered. As such, Plaintiff's claim for sexual harassment in violation of Title VII is dismissed.

### C. New Jersey Law Against Discrimination Claim

In Count II of the Amended Complaint, Plaintiff claims that Defendant engaged in "wrongful treatment, discriminatory treatment and deprivation of Civil Rights," and deprived her of her right "to obtain accommodations and privileges without discrimination" under the NJLAD. To establish a *prima facie* case for disability discrimination under the NJLAD, Plaintiff must show that she: (1) is disabled; (2) was objectively qualified for her position; (3) was terminated; and (4) the employer sought to or actually did fill her position with a similarly qualified person. *Armstrong v. Burdette Tomlin Mem. Hosp.,* 438 F.3d 240, 249 (3d Cir. 2006).

At the outset, Plaintiff must allege sufficient facts to demonstrate a qualifying disability under the NJLAD. *See Viscik v. Fowler Equip. Co.,* 800 A.2d 826, 834 (N.J. 2002). Under the NJLAD, "handicaps" are divided between physical and non-physical categories. N.J.S.A. 10:5-5(q). To demonstrate the existence of a physical handicap, a plaintiff establish that he or she is: (1) suffering from a physical disability, infirmity, malformation or disfigurement; (2) which is caused by bodily injury, birth defects or illness including epilepsy. N.J.S.A. 10:5-5(q). The statute lists the following as examples of physical handicaps: "any degree of paralysis, amputation, lack of physical coordination, blindness or visual impediment, deafness or hearing impediment, muteness or speech impediment or physical reliance on a service or guide dog, wheelchair, or other remedial appliance or device." The term "handicapped" in NJLAD is not limited to "severe" or immutable" disabilities and has been interpreted as significantly broader

than the analogous provision of the ADA. *Failla v. City of Passaic,* 146 F.3d 149, 154 (3d Cir. 1998) (noting that NJLAD provides a lower standard than the ADA because "the LAD definition of 'handicapped' does not incorporate the requirement that the condition result in a substantial limitation on a major life activity.").

In the present case, Plaintiff alleges that she suffers from pain in her back and extremities. Even if Plaintiff's bare allegations of "pain" were sufficient to demonstrate a sufficient factual basis for a claim under the NJLAD, Plaintiff fails to plead the remaining elements required to establish a claim for disability discrimination. Plaintiff does not allege that she was objectively qualified for her position or that Quick Chek sought to or actually did fill her position with a similarly qualified person. The Amended Complaint states simply that Plaintiff was "terminated" but does not include any dates or circumstances surrounding her alleged termination. Accordingly, because the Amended Complaint does not allege sufficient facts to support a claim of disability discrimination under the NJLAD, Plaintiff's NJLAD claims are dismissed.

**D. Tortious Interference with Prospective Economic Benefit Claim**

Count III sets forth a claim that Defendant "tortiously interfered with [P]laintiff's opportunity to be gainfully employed." To establish a claim of tortious interference with prospective economic advantage, a plaintiff must show: (1) a reasonable expectation of economic advantage to plaintiff; (2) interference done intentionally and with "malice"; (3) a causal connection between the interference and the loss of prospective gain; and (4) actual damages. *Printing Mart-Morristown v. Sharp Elecs. Corp.,* 563 A.2d 31 (1989).

Here, the Court finds that Plaintiff has failed to establish any of the elements required for a claim of tortious interference. The Amended Complaint alleges generally that Quick Chek

"wrongful[ly] [made] allegations against [P]laintiff as to being a trouble making and ineffective Employee," which are "without substance [and] precluded [P]laintiff from finding alternative employment." However, Plaintiff has failed to provide a factual basis to support the assertion that Quick Chek interfered with any prospective employment opportunities. Not only has Plaintiff failed to identify any reasonable expected employment opportunity or other economic advantage, she also does not explain how, if at all, Quick Chek interfered with her alleged opportunities. In light of Plaintiff's failure to demonstrate that she had a protected interest or that Defendant acted with malice when interfering with her alleged interest, the Court dismisses Plaintiff's claim for tortious interference with prospective economic benefit.

**E. Futility**

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.*

Plaintiff's original Complaint [docket # 1] was dismissed without prejudice on August 17, 2012, because it did not state any plausible or cognizable claim upon which relief may be granted. The August 17, 2012 Order dismissing Plaintiff's original Complaint [docket # 2] gave Plaintiff thirty days to file an amended complaint "that conforms to the Federal Rules of Civil Procedure" and contains "sufficient allegation to put defendants fairly on notice of the claims against them so that they may adequately respond."

Even after taking into account Plaintiff's *pro se* status and reading the Complaint liberally, the Court finds that Plaintiff's pleadings lack a "short and plain statement" of the grounds for jurisdiction and fail to "state a claim to relief that is plausible on its face." *Iqbal,* 556

U.S. at 678. Plaintiff's pleadings are confusing and contain mostly unintelligible allegations asserting a variety of seemingly unrelated claims. The Amended Complaint fails to provide Quick Chek with fair or adequate notice of the claims against them or establish that Plaintiff is entitled to relief as required by Federal Rule of Civil Procedure 8(a)(2). *See Twombly*, 550 U.S. 544 at 555. Accordingly, the Court finds that the substantial deficiencies in Plaintiff's pleadings warrant dismissal pursuant to Rule 12(b)(6).

Plaintiff has already been provided with an opportunity to amend her Complaint [docket # 2], and the Court is therefore not required to provide her with further leave to amend as such amendment would be futile. This Court does and will continue to liberally construe claims brought by *pro se* Plaintiffs, but the Court's resources are finite. As such, the Court finds that allowing Plaintiff leave to further amend would be futile. Accordingly, Plaintiff's Amended Complaint is dismissed with prejudice.

## IV. CONCLUSION

For all the foregoing reasons, Defendant's Motion to Dismiss [docket # 21] is GRANTED and Plaintiff's Amended Complaint [docket # 3] is DISMISSED with prejudice. An appropriate Order accompanies this Opinion.

Date: December 16, 2013  /s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge